BURDAN *v.* HOME BANK AND TRUST COMPANY ET AL.

[No. 16,001. Filed January 28, 1939.]

*Davis & Eichhorn,* for appellant.

*George Cohan* and *Charles Gannon,* for appellees.

CURTIS, C. J.—The appellee herein has filed in this court its confession of error in this matter and has joined with the appellant in the following written motion:

> "Come now George Cohan and Charles W. Gannon, Attorneys for Lawrence H. Prybylski, as Trustee, appellee herein, and confess error herein by the trial court in granting of motion to correct judgment *nunc pro tunc,* which motion was filed January 27, 1936, and subsequently amended and granted October 7, 1936, and said appellee now joins appellants in moving that this Court make the following order herein:

> " 'The order of the Lake Superior Court of October 7, 1936, is hereby reversed in all things. The lower court is ordered and directed to deny the motion of Lawrence H. Prybylski, as Trustee, filed January 27, 1936, and subsequently amended, and it is the judgment of this court that the judgment of the lower court of February 8, 1934, stands as though the motion of Lawrence H. Prybylski, as Trustee, filed on January 27, 1936, and subsequently amended,

had never been filed, and all proceedings under said judgment of February 8, 1934, are valid and binding, and further that the sale held thereunder on July 6, 1934, is in all things regular and legal, and the holder of the sheriff's certificate issued on said date is entitled to a sheriff's deed to the premises involved. Costs taxed against appellee.' "

By virtue of the above confession of error and motion, the judgment of the trial court of October 7, 1936, granting the prayer of the petition to correct *nunc pro tunc* the judgment of February 8, 1934, and to set aside said sheriff's sale in pursuance thereof is in all things reversed.

The trial court is ordered and directed to deny the said motion of Lawrence H. Prybylski, as Trustee, filed January 27, 1936, as subsequently amended and it is the further judgment of this court that the said judgment of the trial court of February 8, 1934, referred to in said *nunc pro tunc* proceedings, shall stand as though the said motion of said Lawrence H. Prybylski, as Trustee, filed as heretofore shown on January 27, 1936, and subsequently amended had never been filed, and all proceedings under said judgment of February 8, 1934, insofar as said *nunc pro tunc* proceedings are concerned are valid and binding and that the sale held thereunder on July 6, 1934, is insofar as said *nunc pro tunc* proceedings are concerned, regular and legal. The trial court is directed to correct its records in accordance with this opinion.

Dudine, J., absent.

Bridwell, J., absent.